UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————————X

THE BOARD OF TRUSTEES OF THE
LOCAL 522 WELFARE FUND OF
NEW YORK AND NEW JERSEY,

                   Plaintiff,

      -against-

CBF TRUCKING, INC. *and* C&F
TRUCKING SOLUTIONS, LLC, *as
successor to CBF TRUCKING, INC.*,

                   Defendants.

————————————————————X

**MEMORANDUM & ORDER**

24-cv-7958 (NRM) (RML)

**NINA R. MORRISON**, United States District Judge:

Plaintiff, a union employee welfare fund, brought this action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, to collect delinquent employer contributions from Defendants. ECF No. 1. Defendants CBF Trucking, Inc. ("CBF") and C&F Trucking Solutions, LLC ("C&F") failed to plead or otherwise defend this action, and, upon Plaintiff's request, the Clerk of Court entered default on February 25, 2025. ECF No. 12. On April 24, 2025, Plaintiff moved for default. ECF No. 14. This Court referred the motion to the Hon. Robert M. Levy, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). Dkt. Order dated Apr. 25, 2025. Judge Levy's Report and Recommendation (the "R&R") issued on January 30, 2026. ECF No. 15. Plaintiff filed an objection to the R&R on February 4, 2026. ECF No. 17. Defendants have filed no objections.

1

In reviewing a Report and Recommendation, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Further, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  Upon review, the district judge may "receive further evidence[] or return the matter to the magistrate judge with instructions."  *Id.*  The district judge reviews the portions of a Report and Recommendation that have not been properly objected to for clear error.  *See Nambiar v. Cent. Orthopedic Grp.*, LLP, 158 F.4th 349, 358–61 (2d Cir. 2025) (discussing these procedures).

For purposes of this Memorandum & Order, familiarity with the underlying controversy and the R&R is assumed.  As relevant here, Judge Levy recommended that default be denied, with leave for Plaintiff to submit factual support that would permit a finding of successor liability on the part of Defendant C&F.  R&R at 7.

Plaintiff (1) objects to the R&R insofar as it recommends that the motion for default judgment be denied as to Defendant CBF, ECF No. 17 at 2, ¶ 2; and (2) "acknowledges that it did not plead sufficient facts for a finding of successor liability" as to Defendant C&F, *id.* at 2, ¶ 3.  Plaintiff now seeks to introduce additional evidence that would support a finding of successor liability.  *Id.*; *see also* ECF No. 17-1; ECF No. 17-2; ECF No. 17-3.

As an initial matter, the Court has reviewed for clear error the portions of the R&R to which Plaintiff did not object and finds none.  This includes Judge Levy's

2

findings of fact, conclusions of law, and ultimate opinion that "Plaintiff's undisputed allegations [] establish liability to [P]laintiff under ERISA." R&R at 6. The Court thus adopts these aspects of the R&R without modification.

As to Defendant CBF's liability, the Court concurs with Plaintiff that the R&R "does not provide a basis for not holding CBF liable for the contributions at issue." ECF No. 17 at 1– 2, ¶ 2. The R&R's apparent recommendation that Plaintiff's motion be denied in its entirety is at odds with its other conclusions as to CBF and its observation that the complaint's deficiencies as to successor liability are "with respect to [D]efendant C&F." R&R at 6. The facts and law outlined in the R&R otherwise establish CBF's liability to Plaintiff as signatory to the relevant collective bargaining agreement and associated memoranda of agreement. R&R at 2–6. To the extent the R&R can be read as recommending Plaintiff's motion be denied as to Defendant CBF, the Court declines to adopt this recommendation and modifies the R&R to clarify that Plaintiff's motion with respect to CBF is GRANTED.

Pursuant to Plaintiff's request that the Court invoke its authority under Rule 72(b)(3) to receive further evidence in the course of reviewing an R&R, the Court considers the new documents submitted by Plaintiff that seek to establish Defendant C&F's successor liability. To establish successor liability under ERISA, "(1) [the] successor must have notice of its predecessor's liability, and (2) there must be substantial continuity of identity in the business enterprise." *N.Y. State Teamsters Conf. Pension & Ret. Fund v. C&S Wholesale Grocers Inc.*, 24 F.4th 163, 177 (2d Cir. 2022) (citation modified); *see also* R&R at 6–7 (discussing successor liability).

3

Plaintiff has adequately established that C&F is a successor to CBF through several pieces of evidence.  First, Plaintiff has introduced checks demonstrating that, beginning in or around October 2023, contributions owed to Plaintiff began to be remitted by C&F instead of CBF.  ECF No. 17 at 2, ¶ 4; *see generally* ECF No. 17-1 (containing copies of checks dating from January 2023 through August 2024).  Checks remitted under both business names were signed by the same individuals.  ECF No. 17 at 2, ¶ 5.  Second, Plaintiff has introduced an email from CBF's Controller, in response to an email concerning contributions to Plaintiff, that advised Plaintiff that "CBF discontinued operations & became C&F" and that "[o]nly C&F is a going concern at this point in time, but CBF has not been officially closed yet."  ECF No. 17 at 2, ¶ 7; ECF No. 17-2 (containing this August 27, 2024 email).  Third, Plaintiff has introduced a tentative settlement agreement, which was never fully executed by Plaintiff but was signed by C&F's President and Vice President, that states, "C&F has an obligation to remit contributions to [Plaintiff] on a monthly basis."  ECF No. 17 at 3, ¶¶ 8–10; ECF No. 17-3 at 1, 6 (containing the partially executed tentative agreement).

Plaintiff avers that this partially executed agreement amounts to an acknowledgement of C&F's liability for contributions previously owed by CBF.  ECF No. 17 at 3, ¶ 11.  However, Plaintiff does not actually need to establish that C&F acknowledged its liability as a successor for contributions previously owed by its predecessor, CBF.  As discussed *supra* and at greater length in the R&R, Plaintiff must only establish that the successor had notice of the liability and that there is

substantial continuity of identity between the predecessor and the successor.  The evidence Plaintiff has introduced easily meets these requirements.  Accordingly, the Court modifies the R&R such that Plaintiff's motion against Defendant C&F is GRANTED.

Having resolved the issue of CBF's and C&F's liability in Plaintiff's favor, the Court next evaluates Plaintiff's entitlement to damages.  Plaintiff seeks the following damages: (1) $266,115.00 in delinquent contributions; (2) $26,672.44 in interest on delinquent contributions as of April 23, 2025; (3) $131.23 per day in additional interest on delinquent contributions accruing each day from the date of Plaintiff's motion until entry of judgment; (4) $53,223.00 in liquidated damages; (5) $8,245.00 in attorneys' fees; and (6) $758.42 in costs.  ECF No. 14-1 at 1–2; *see also* ECF No. 14-2 (declaration of Plaintiff's administrator); ECF No. 14-3 (declaration of Plaintiff's counsel).  These are precisely the kinds of damages that a prevailing plaintiff is entitled to under ERISA.  29 U.S.C. § 1132(g)(2).

"While a party's default is deemed to constitute a concession of all well-pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d. Cir. 1992). "The court must conduct an inquiry to ascertain the amount of damages with reasonable certainty." *Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878 (RJD) (JMA), 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) (adopting report and recommendation) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 108 (2d Cir. 1992)).

Here, Plaintiff has provided a table showing the total delinquent contributions per month, calculated by multiplying a "rate" (*i.e.*, $1,235.00 for March 2024 through May 2024 and $1,285.00 for June 2024 through April 2025) by the "participants" (*i.e.* 17 for March 2024 and 16 for April 2024 through April 2025), plus relevant interest. ECF No. 14-2 at 11.  Plaintiff also cites the relevant trust agreement language outlining agreed-upon percentages for interest and liquidated damages.  ECF No. 14-2 at 2, ¶ 5.

However, Plaintiff has not provided an evidentiary basis for the rates and number of participants cited in its supporting declaration.  This means that, while the Court can confirm that the simple multiplication and addition Plaintiff performed to arrive at the purported total of delinquent contributions was correctly calculated, the Court cannot *independently determine* that this is the actual sum of damages that should be awarded.  *See Griffiths v. Francillon*, No. 10-CV-3101 (JFB) (GRB), 2012 WL 1341077, at *1 (E.D.N.Y. Jan. 30, 2012) (quoting *Ann Taylor, Inc. v. Interstate Motor Carrier, Inc.*, No 03-CV-7502, 2004 WL 2029908, at *3 (S.D.N.Y. Sept. 13, 2004)), *report and recommendation adopted*, 2012 WL 1354481 (Apr. 13, 2012).  In order to make such an independent determination, the Court requires, at a minimum, supporting evidence in the form of (1) the relevant collective bargaining agreement or trust agreement reflecting contribution rates, or some indication of how these rates were calculated; and (2) documentation of the number of employees for the relevant periods.  In the absence of such supporting documentation, the Court cannot independently determine that the requested damages are appropriate.  *See*

*Transatlantic Marine Claims Agency*, 109 F.3d at 111 ("While the District Court may not have been obligated to hold an evidentiary hearing, it could not just accept [plaintiff's] statement of the damages. This did not satisfy the court's obligation to ensure that the damages were appropriate."). Alternatively, Plaintiff may submit an audit, and attest to the methodology used in that audit, to demonstrate the amount of delinquent contributions. *See Trs. of Pavers & Rd. Builders Dist. Council Welfare, Pension, Annuity & Apprenticeship, & Skill Improvement & Safety Funds v. Kel-Tech Constr. Inc.*, No. 19-CV-2487 (ENV) (SJB), 2020 WL 6051097, at *6 (E.D.N.Y. Aug. 25, 2020) (discussing such an audit), *report and recommendation adopted*, Dkt. Order dated Oct. 13, 2020.

In contrast to the delinquent contributions, Plaintiff has submitted adequate documentation of counsel's qualifications and time expended. ECF No. 14-3. Both the $425 hourly rate for counsel, who is a partner at his firm, as well as the 19.4 hours expended, are reasonable. *See Kel-Tech Constr.*, 2020 WL 6051097, at *8–9 (noting that "[i]n ERISA matters, courts in the Eastern District of New York have approved hourly rates for partners from $200 to $450 per hour" and that 22.5 hours of attorney time expended was "within the range of hours expended in similar ERISA cases involving default judgment"). Plaintiff has also sufficiently documented the costs it seeks to recover. The docket reflects that the $405 filing fee was paid, and Plaintiff has introduced the invoice for costs incurred through service of process. ECF No. 14-3 at 8.; *see also Kel-Tech Constr.*, 2020 WL 6051097, at *10 ("Process server fees are also recoverable, but they must be supported by documentation.").

7

Accordingly, the R&R is adopted in part and modified in part as outlined *supra*, and Plaintiff's motion for default judgment is GRANTED in part. The Court (1) awards Plaintiff $8,245.00 in attorneys' fees and $758.42 in costs and (2) respectfully refers this matter to Judge Levy for an inquest into the appropriate sum of damages in the form delinquent contributions, interest, and liquidated damages.

**SO ORDERED.**

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated: March 3, 2026
        Brooklyn, New York